Filing # 70369451 E-Filed 04/06/2018 03:15:02 PM

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY
FLORIDA

CASE NO.:

HARVEY GARBER, M.D.,

      Plaintiff,

v.

CITY OF BOYNTON BEACH, JEFFREY KATZ,
as CHIEF OF POLICE OF BOYNTON BEACH
POLICE DEPARTMENT, and
OFFICER JANELLE JUMELLES, individually,
OFFICER EVAN ESTEVES, individually,
OFFICER JOHN DUNLOP, individually, and
OFFICER PETER ZAMPINI, individually,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

      Plaintiff, HARVEY GARBER, M.D., (hereinafter "Plaintiff"), sues Defendants, CITY OF BOYNTON BEACH, JEFFREY KATZ as Chief of Police of Boynton Beach Police Department, OFFICER JANELLE JUMELLES, individually, OFFICER EVAN ESTEVES, individually, OFFICER JOHN DUNLOP, individually, and OFFICER PETER ZAMPINI, individually for damages, and states:

## INTRODUCTION JURISDICTION AND VENUE

      1.    This is an action for damages and attorneys' fees arising under 42 U.S.C. §1983 and §1988, as well as assault and battery.

1

EXHIBIT
1
tabbies®

2.     This is an action for damages in excess of fifteen thousand ($15,000.00) dollars.

3.     The acts, omissions and practices described hereafter all occurred within the jurisdiction of the Fifteenth Judicial Circuit of Palm Beach County, Florida.

4.     Plaintiff seeks an award of compensatory damages, costs and expenses and reasonable attorneys' fees pursuant to 42 U.S.C. §1983, more specifically described below. Fee entitlement is alleged pursuant to 42 U.S.C. §1988.

5.     At all times material hereto, the acts, omissions, practices and conduct of the Defendants were committed under color of state or local law.

6.     That all parties to this case are residents of Palm Beach County, Florida.

**THE PARTIES**

7.     At all times material hereto, Plaintiff, who is *sui juris*, brings this action against the Defendants in his individual capacity.

8.     Defendant, CITY OF BOYNTON BEACH, (Hereinafter "BOYNTON"), is a municipal corporation formed pursuant to the laws of the State of Florida, located within the confines of Palm Beach County, Florida. A part of its business is to protect the health, welfare, and well-being of its residents and citizens the city operates and maintains a police department and employs a number of individuals as police officers.

9.     At all times material hereto, Defendant BOYNTON, was and is responsible for the operation, administration, management and oversight of all activities involving the Boynton Beach Police Department and its employees.

10.    At all times material hereto, the acts and omissions of JEFFREY KATZ, (hereinafter: KATZ) were committed within the course and scope of his employment as Chief of Police of Boynton Beach Police Department (hereinafter: BBPD).

2

11.   At all times material hereto, KATZ, in his official capacity as Chief of Police of Boynton Beach Police Department, was and is a "person" subject to suit under 42 U.S.C. §1983. He is sued solely in his official capacity.

12.   At all times material hereto, Defendant KATZ, through his agents and employees, was responsible for the proper and efficient enforcement of the laws, regulations, policies, customs, practices and procedures of such political entity; the laws of the State of Florida; and the Constitution of the United States.

13.   All of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. §1983, and are sued solely in their official capacity.

14.   Officer JANELLE JUMELLES (hereinafter: JUMELLES) is a citizen of the United States and a resident of the State of Florida employed as an officer with BBPD. She works under the supervision and control of KATZ.

15.   Officer EVAN ESTEVES (hereinafter: ESTEVES) is a citizen of the United States and a resident of the State of Florida employed as an officer with BBPD. He works under the supervision and control of KATZ.

16.   Officer JOHN DUNLOP (hereinafter: DUNLOP) is a citizen of the United States and a resident of the State of Florida employed as an officer with BBPD. He works under the supervision and control of KATZ.

17.   Officer PETER ZAMPINI (hereinafter: ZAMPINI) is a citizen of the United States and a resident of the State of Florida employed as an officer with BBPD. He works under the supervision and control of KATZ.

18.   Plaintiff has retained the services of the undersigned and is obligated to pay a reasonable attorney's fee for such services in pursuing the claims asserted herein.

3

19.     That all conditions precedent to filing this action have occurred or have otherwise been satisfied including all notice provisions pursuant to Fla. Stat. §768.28.

<u>FACTS</u>

20.     On or about June 5, 2017, at approximately 3:10 p.m., OFFICER JUMELLES, OFFICER ESTEVES, OFFICER LEVINE, CSI MCKINLAY, DETECTIVE ZAMPINI and SGT. DUNLOP, of the BOYNTON BEACH POLICE DEPARTMENT, acting under the color of state law, were dispatched to the scene of a possible death investigation pertaining to Rebecca Leigh Garber at 1805 Coastal Bay Boulevard, Boynton Beach, Palm Beach County, Florida.

21.     The Plaintiff and father of Rebecca Leigh Garber, HARVEY GARBER, M.D., arrived at the scene of the investigation shortly after the police arrived and was allowed by the Boynton Beach Police officers to go into the house and upstairs to see his deceased daughter.

22.     Distraught with grief, Dr. Garber was permitted to stay in the hallway outside the door to the bathroom where his daughter's body was located. Shortly thereafter, however, officers decided they wanted Dr. Garber to relocate to another room.

23.     While standing approximately ten feet from his daughter's body, the Plaintiff, Dr. Garber, was attacked physically, shoved and pushed away from the scene by officers ZAMPINI, JUMELLES, DUNLOP and ESTEVES.

24.     Once Plaintiff had been removed from the area, Officers ZAMPINI, JUMELLES, DUNLOP and ESTEVES, held Plaintiff down while Officer ESTEVES repeatedly kicked his legs. The officers then violently slammed Dr. Garber to the floor using the weight of their own bodies on top of him.  Dr. Garber's arms were then forced behind his back and he was handcuffed.

25.   As a consequence of the actions of Officers ZAMPINI, JUMELLES, DUNLOP and ESTEVES, Dr. Garber sustained multiple significant injuries.

### COUNT I VIOLATION OF CIVIL RIGHTS – 42 U.S.C. §1983
#### Excessive Force in violation of the Fourth and Fourteenth Amendments
(Against Defendants JUMELLES, ESTEVES, DUNLOP and ZAMPINI)

Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

26.   42 U.S.C. §1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

27.   Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. §1983.

28.   All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as BBPD police officers and their acts or omissions were conducted within the scope of their official duties or employment. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

29.   Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

30.   Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

5

31.    Defendants JUMELLES, ESTEVES, DUNLOP and ZAMPINI'S actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff.

32.    Defendants JUMELLES, ESTEVES, DUNLOP and ZAMPINI's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Dr. Garber's federally protected rights. The force used by these Defendant officers shocks the conscience and violated these Fourteenth Amendment rights of Plaintiff.

33.    Defendants JUMELLES, ESTEVES, DUNLOP and ZAMPINI unlawfully seized Dr. Garber by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Dr. Garber of his freedom.

34.    None of the Defendant officers took reasonable steps to protect Plaintiff from the objectively unreasonable and conscience shocking excessive force of other Defendant officers or from the excessive force of later responding officers despite being in a position to do so. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other officer.

35.    Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Dr. Garber's federally protected constitutional rights.

36.    They did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

37.    The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

6

38.     These individual Defendants acted in concert and joint action with each other.

39.     The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

40.     These individual Defendants are not entitled to qualified immunity for the complained of conduct.

41.     The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/city custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

42.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, aggravation of pre-existing conditions, bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity to enjoy life, and other damages and losses as described herein entitling him to compensatory and special damages. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, and all of these damages will continue into the future, to wit: permanently.

43.     On information and belief, Plaintiff has suffered lost income and may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his closed head injury and hand injuries as he is an operating surgeon. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

44.     In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under

7

42 U.S.C. §1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

WHEREFORE, Plaintiff, HARVEY GARBER, M.D., demands judgment against the Defendants, OFFICER JANELLE JUMELLES, OFFICER EVAN ESTEVES, OFFICER JOHN DUNLOP, and OFFICER PETER ZAMPINI, for compensatory damages, interest, attorneys' fees, and costs and further demands trial by jury.

### COUNT II VIOLATION OF CIVIL RIGHTS – 42 U.S.C. §1983
### *Deliberately Indifferent Policies, Practices, Customs, Training,*
### *and Supervision in violation of the Fourth, Fourteenth, and First Amendments*
(against Defendants CITY OF BOYNTON BEACH and KATZ)

*Plaintiff realleges and incorporates by reference ALL Paragraphs, above, as though fully set forth herein.*

45.     42 U.S.C. §1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

46.     Plaintiff in this action is a citizen of the United States and Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

47.     The Defendants to this claim at all times relevant hereto were acting under the color of state law.

48.     Plaintiff had the following clearly established rights at the time of the complained

8

of conduct:

  a. the right to be secure in his person from unreasonable seizure through excessive force, under the Fourth Amendment;

  b. the right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment;

  c. the right to exercise his constitutional rights of free speech under the First Amendment without retaliation; and,

  d. the right to be free from malicious prosecution under the Fourth and Fourteenth Amendments.

49.     Defendant KATZ and Defendant City knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

50.     The acts or omissions of these Defendants, as described herein, deprived Dr. Garber of his constitutional and statutory rights and caused him other damages.

51.     The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

52.     Defendants are not entitled to qualified immunity for the complained of conduct.

53.     Defendant KATZ and Defendant BOYNTON were, at all times relevant, policymakers for the City of Boynton Beach and the Boynton Beach Police Department, and in that capacity established policies, procedures, customs, and/or practices for the same.

54.     These Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Dr. Garber's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

55.     Defendant KATZ and the Defendant BOYNTON have created and tolerated an

9

atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the Constitutional rights of Plaintiff and of the public.

56.     In light of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

57.     Boynton Beach Police Department has approximately 150 officers yet public reports in recent years reveal the following:

a.  In 2013, video published online show officers slapping a cellphone out of the hands of a motorist during a traffic stop before pulling him from his car, slamming him to the ground and cuffing him with a knee in his back. Another officer at the scene pulled his gun on a passenger in the car and stated "I'll f---ing put a round in your ass quick." BBPD claimed the officers were justified in their actions.[1]

b.  In 2014, a video was published online showing a Boynton Beach Police officer putting a seventh grade student in a chokehold and another officer kicking the student in the legs causing him to fall violently backwards to the ground while his hands were cuffed behind his back. The child had reportedly misbehaved on the school bus.[2]

c.  In 2014, a Boynton Beach Police officer raped a 20-year-old woman at gunpoint on the hood of his marked police car afterward telling her he would kill her and her family if she told anyone.[3]

d.  In 2017, video published online showed an officer, who appeared to be under the

---

[1]  http://www.browardpalmbeach.com/news/boynton-beach-officer-who-pulled-gun-on-suspect-video-recording-him-cleared-by-department-update-6467343 (retrieved March 15, 2018).
[2]  https://www.palmbeachpost.com/boyntonpd/ (retrieved March 15, 2018).
[3]  https://www.palmbeachpost.com/news/crime--law/boynton-beach-chief-disturbed-and-disgusted-officer-rape-findings/WeIxWpzawljpGHYPBsBTHN/ (retrieved March 15, 2018).

influence of alcohol, engage in a confrontation with a bar owner in Palm Beach county during which he stated "I'm gonna tell you right now I'll smoke-check you right here in the bar, I don't give a f----. Right? You can say whatever you want to say, but I've done it before"… "You can act the fool all you want. I'll f---ing b--- smack you all the way out to the parking lot." Thereafter, the officer left without paying his tab and drove off in a marked BBPD vehicle. The officer was placed on leave but was not charged and is still a BBPD officer.[4]

e.  In June of 2017 a federal grand jury indicted a Boynton Beach Police supervisor and three officers for unlawfully assaulting an arrestee during a traffic stop and then filing false reports of the incident.[5] Sergeant Philip Antico was convicted for obstruction of justice and Officer Michael Brown was convicted of using excessive force and using a firearm during a crime of violence for repeatedly striking an arrestee multiple times while holding his firearm after that traffic stop.[6]

58.     The deliberately indifferent training and supervision provided by Defendant City and Defendant KATZ resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendant City and Defendant KATZ and were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

59.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, aggravation of pre-existing conditions, bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity to enjoy life, and other damages and losses as described herein entitling him to compensatory and special damages. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, and all of these damages will continue into the future, to wit: permanently.

---

[4] http://cbs12.com/news/local/police-officer-on-administrative-leave-after-incident-at-bar (retrieved March 15, 2018).
[5] https://www.justice.gov/usao-sdfl/pr/current-and-former-boynton-beach-police-officers-indicted-using-excessive-force-against (retrieved March 15, 2018).
[6] https://www.justice.gov/usao-sdfl/pr/boynton-beach-officers-convicted-using-excessive-force-against-arrestee-and-obstruction (retrieved March 15, 2018).

11

60.     On information and belief, Plaintiff has suffered lost income and may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his head and hand injuries as he is an operating surgeon. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.  There may also be special damages for lien interest.

WHEREFORE, Plaintiff, HARVEY GARBER, M.D., demands judgment against the Defendants, CITY OF BOYNTON BEACH AND JEFFREY KATZ, for compensatory damages, interest, attorneys' fees, and costs and such other and further demands trial by jury.

Dated this _6th_ day of __April__ 2018.

SCHULER HALVORSON WEISSER,
ZOELLER & OVERBECK, P.A.
Attorneys for Plaintiff(s)
1615 Forum Place, Suite 4-D
Barristers Building
West Palm Beach, FL 33401
Telephone:    561-689-8180
Facsimile:    561-684-9683

Richard D. Schuler
FBN: 158226
Email-1:        rschuler@shw-law.com
Email-2:        jdever@shw-law.com
Email-3:        jspano@shw-law.com

12

Filing # 70928671 E-Filed 04/19/2018 09:02:35 AM

## VERIFIED RETURN OF SERVICE

| State of Florida | County of Palm Beach | Circuit Court |
|---|---|---|

Case Number: 502018CA00426 MB

Plaintiff:
**HARVEY GARBER, M.D.**

vs.

Defendant:
**CITY OF BOYNTON BEACH, JEFFREY KATZ, AS CHIEF OF POLICE OF BOYNTON BEACH POLICE DEPARTMENT, AND OFFICER JANELLE JUMELLES, INDIVIDUALLY, OFFICER EVAN ESTEVES, INDIVIDUALLY, OFFICER JOHN DUNLOP, INDIVIDUALLY, AND OFFICER PETER ZAMPINI, INDIVIDUALLY**

MLS2018001526

For:
Richard D. Schuler
SCHULER, HALVORSON & WEISSER, P.A.
1615 Forum Place
4th Floor
West Palm Beach, FL 33401

Received by MULBERRY LEGAL SERVICES, INC. on the 12th day of April, 2018 at 4:08 pm to be served on **CITY OF BOYNTON BEACH BY SERVING, MAYOR STEVEN B. GRANT, 100 EAST BOYNTON BEACH BLVD., BOYNTON BEACH, FL 33435.**

I, Ronald Jobst, do hereby affirm that on the **13th day of April, 2018** at **2:16 pm, I:**

served a **GOVERNMENT AGENCY** by delivering a true copy of the **SUMMONS; COMPLAINT AND DEMAND FOR JURY TRIAL;** with the date and hour of service endorsed thereon by me, to: **LYNN SWANSON** as **PARALEGAL** for **CITY OF BOYNTON BEACH BY SERVING, MAYOR STEVEN B. GRANT**, at the address of: **100 EAST BOYNTON BEACH BLVD., BOYNTON BEACH, FL 33435,** and informed said person of the contents therein, in compliance with State Statutes.

**Description** of Person Served:  Age: 48,  Sex: F,  Race/Skin Color: WHITE,  Height: 5'4",  Weight: 145,  Hair: BLACK,  Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury, I declare that I have read the foregoing document, and that the facts stated in it are true.  NO NOTARY REQUIRED PURSUANT TO F.S. 92.525(2).

**Ronald Jobst**
CPS#1684

**MULBERRY LEGAL SERVICES, INC.**
**2101 Vista Parkway**
**Suite 103**
**West Palm Beach, FL 33411**
**(561) 624-0526**
Our Job Serial Number: MLS-2018001526

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

Filing # 70499921 E-Filed 04/10/2018 02:26:50 PM

18.1526

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY
FLORIDA

CASE NO.:  2018 CA 4260

HARVEY GARBER, M.D.,

      Plaintiff,

v.

CITY OF BOYNTON BEACH, JEFFREY KATZ,
as CHIEF OF POLICE OF BOYNTON BEACH
POLICE DEPARTMENT, and
OFFICER JANELLE JUMELLES, individually,
OFFICER EVAN ESTEVES, individually,
OFFICER JOHN DUNLOP, individually, and
OFFICER PETER ZAMPINI, individually,

      Defendants.

_____/

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the Complaint, in this action on
Defendant:

**City of Boynton Beach**
**By Serving:  Mayor Steven B. Grant**
**100 E. Boynton Beach Blvd.**
**Boynton Beach, FL 33435-0310**

The Defendant is required to serve written defenses to the Complaint on

      Richard D. Schuler, Esquire
      Schuler, Halvorson, Weisser, Zoeller & Overbeck, P.A.

attorney for Plaintiff, whose address is:

1

RECEIVED
APR 12 2018

Barristers Building, Suite 4D
1615 Forum Place
West Palm Beach, FL 33401
(561) 689-8180
E-Serve:  rschuler@shw-law.com
              jdever@shw-law.com
              jspano@shw-law.com

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on the above-named attorney or immediately thereafter.  If the Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint.

DATED on _____ day of ___Apr 11 2018_____ .2018.

Clerk of the Court

*Shannon Fatu*

As:     Deputy Clerk  SHANNON FATU

2

Filing # 71334515 E-Filed 04/27/2018 10:57:07 AM

## VERIFIED RETURN OF SERVICE

State of Florida                County of Palm Beach                Circuit Court

Case Number: 502018CA00426 MB

Plaintiff:
**HARVEY GARBER, M.D.**
vs.
Defendant:
**CITY OF BOYNTON BEACH, JEFFREY KATZ, AS CHIEF OF POLICE OF
BOYNTON BEACH POLICE DEPARTMENT, AND OFFICER JANELLE
JUMELLES, INDIVIDUALLY, OFFICER EVAN ESTEVES, INDIVIDUALLY,
OFFICER JOHN DUNLOP, INDIVIDUALLY, AND OFFICER PETER
ZAMPINI, INDIVIDUALLY**

MLS2018001525

For: Richard D. Schuler
SCHULER, HALVORSON & WEISSER, P.A.

Received by MULBERRY LEGAL SERVICES, INC. on the 12th day of April, 2018 at 4:08 pm to be served on
JEFFREY KATZ, CHIEF OF POLICE, 316 KARL LINN DR., APT. 122, NORTH CHESTERFIELD, VA 23225. I,
_James   Anderson_, being duly sworn, depose and say that on the _20_ day of _April_, 20 _18_
at _8:59 A_ m., executed service by delivering a true copy of the SUMMONS; COMPLAINT AND DEMAND FOR
JURY TRIAL; in accordance with state statutes in the manner marked below:

(✓) INDIVIDUAL SERVICE: Served the within-named person.

( ) SUBSTITUTE SERVICE: By serving _____ as
_____.

( ) POSTED SERVICE: After attempting service on ___/___ at _____ and on ___/___ at _____ to a conspicuous
place on the property described herein.

( ) POSTED SERVICE: By posting to a conspicuous place on the property.

( ) OTHER SERVICE: As described in the Comments below by serving _____ as
_____.

( ) NON SERVICE: For the reason detailed in the Comments below.

COMMENTS: _____
_____
_____
_____

## VERIFIED RETURN OF SERVICE for 502018CA00426 MB

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

James Anderson

PROCESS SERVER # N|A

Appointed in accordance with State Statutes

Subscribed and Sworn to before me on the 20 day of April , 2018 by the affiant who is personally known to me.

NOTARY PUBLIC

**MULBERRY LEGAL SERVICES, INC.**
**2101 Vista Parkway**
**Suite 103**
**West Palm Beach, FL 33411**
**(561) 624-0526**
Our Job Serial Number: 2018001525

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

**** CASE NUMBER: 502018CA004260XXXXMB Division: AA ****

18 · 1585

Filing # 70369451 E-Filed 04/06/2018 03:15:02 PM

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY
FLORIDA

CASE NO.:

HARVEY GARBER, M.D.,

      Plaintiff,

v.

CITY OF BOYNTON BEACH, JEFFREY KATZ,
as CHIEF OF POLICE OF BOYNTON BEACH
POLICE DEPARTMENT, and
OFFICER JANELLE JUMELLES, individually,
OFFICER EVAN ESTEVES, individually,
OFFICER JOHN DUNLOP, individually, and
OFFICER PETER ZAMPINI, individually,

      Defendants.

_____/

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the Complaint, in this action on
Defendant:

> **Jeffrey Katz, Chief of Police**
> **Boynton Beach Police Department**
> **100 East Boynton Beach Blvd.**
> **Boynton Beach, FL 33435-0310**

The Defendant is required to serve written defenses to the Complaint on

> Richard D. Schuler, Esquire
> Schuler, Halvorson, Weisser, Zoeller & Overbeck, P.A.

attorney for Plaintiff, whose address is:

1

RECEIVED

APR 1 2 2018

Barristers Building, Suite 4D
1615 Forum Place
West Palm Beach, FL 33401
(561) 689-8180
E-Serve:  rschuler@shw-law.com
jdever@shw-law.com
jspano@shw-law.com

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on the above-named attorney or immediately thereafter.  If the Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint.

DATED on ___Apr 10 2018___ day of _____.2018.

Clerk of the Court

As:     Deputy Clerk

Samquishia Lane

2

Filing # 70928671 E-Filed 04/19/2018 09:02:35 AM

## VERIFIED RETURN OF SERVICE

State of Florida                County of Palm Beach                Circuit Court

Case Number: 502018CA00426 MB



MLS2018001524

Plaintiff:
**HARVEY GARBER, M.D.**

vs.

Defendant:
**CITY OF BOYNTON BEACH, JEFFREY KATZ, AS CHIEF OF POLICE OF BOYNTON BEACH POLICE DEPARTMENT, AND OFFICER JANELLE JUMELLES, INDIVIDUALLY, OFFICER EVAN ESTEVES, INDIVIDUALLY, OFFICER JOHN DUNLOP, INDIVIDUALLY, AND OFFICER PETER ZAMPINI, INDIVIDUALLY**

For:
Richard D. Schuler
SCHULER, HALVORSON & WEISSER, P.A.
1615 Forum Place
4th Floor
West Palm Beach, FL  33401

Received by MULBERRY LEGAL SERVICES, INC. on the 12th day of April, 2018 at 4:08 pm to be served on **OFFICER JANELLE JUMELLES @ BOYNTON BEACH POLICE DEPARTMENT, 100 EAST BOYNTON BEACH BLVD., BOYNTON BEACH, FL 33435.**

I, Ronald Jobst, do hereby affirm that on the **13th day of April, 2018** at **2:26 pm, I:**

SERVED the within named Law Enforcement Officer by delivering a true copy of the **SUMMONS; COMPLAINT AND DEMAND FOR JURY TRIAL;** with the date and hour endorsed thereon by me to DEANNA RICHARDSON as Liaison of the BOYNTON BEACH POLICE DEPARTMENT .

**Military Status:** Based upon inquiry of party served, the subject is not in the military service of the United States of America.

**Description** of Person Served:  Age: 36,  Sex: F,  Race/Skin Color: WHITE,  Height: 5'6",  Weight: 165,  Hair: BROWN,  Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury, I declare that I have read the foregoing document, and that the facts stated in it are true.  NO NOTARY REQUIRED PURSUANT TO F.S. 92.525(2).

Ronald Jobst
CPS#1684

**MULBERRY LEGAL SERVICES, INC.**
**2101 Vista Parkway**
**Suite 103**
**West Palm Beach, FL 33411**
**(561) 624-0526**
Our Job Serial Number: MLS-2018001524

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

**** CASE NUMBER: 502018CA004260XXXXMB Division: AA ****

18. 1524

Filing # 70369451 E-Filed 04/06/2018 03:15:02 PM

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY
FLORIDA

CASE NO.:

HARVEY GARBER, M.D.,

     Plaintiff,

v.

CITY OF BOYNTON BEACH, JEFFREY KATZ,
as CHIEF OF POLICE OF BOYNTON BEACH
POLICE DEPARTMENT, and
OFFICER JANELLE JUMELLES, individually,
OFFICER EVAN ESTEVES, individually,
OFFICER JOHN DUNLOP, individually, and
OFFICER PETER ZAMPINI, individually,

     Defendants.

_____/

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the Complaint, in this action on
Defendant:

          **Officer Janelle Jumelles**
        **Boynton Beach Police Department**
        **100 East Boynton Beach Blvd.**
        **Boynton Beach, FL 33435-0310**

The Defendant is required to serve written defenses to the Complaint on

        Richard D. Schuler, Esquire
        Schuler, Halvorson, Weisser, Zoeller & Overbeck, P.A.

attorney for Plaintiff, whose address is:

        Barristers Building, Suite 4D

1

RECEIVED
APR 12 2018

1615 Forum Place
West Palm Beach, FL 33401
(561) 689-8180
E-Serve:  rschuler@shw-law.com
jdever@shw-law.com
jspano@shw-law.com

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on the above-named attorney or immediately thereafter.  If the Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint.

DATED on ___Apr 10 2018___ day of _____,2018.

Clerk of the Court

As:      Deputy Clerk
             Samquishia Lane

2

Filing # 70928671 E-Filed 04/19/2018 09:02:35 AM

## VERIFIED RETURN OF SERVICE

| State of Florida | County of Palm Beach | Circuit Court |
| --- | --- | --- |

Case Number: 502018CA00426 MB



MLS2018001523

Plaintiff:
**HARVEY GARBER, M.D.**

vs.

Defendant:
**CITY OF BOYNTON BEACH, JEFFREY KATZ, AS CHIEF OF POLICE OF BOYNTON BEACH POLICE DEPARTMENT, AND OFFICER JANELLE JUMELLES, INDIVIDUALLY, OFFICER EVAN ESTEVES, INDIVIDUALLY, OFFICER JOHN DUNLOP, INDIVIDUALLY, AND OFFICER PETER ZAMPINI, INDIVIDUALLY**

For:
Richard D. Schuler
SCHULER, HALVORSON & WEISSER, P.A.
1615 Forum Place
4th Floor
West Palm Beach, FL 33401

Received by MULBERRY LEGAL SERVICES, INC. on the 12th day of April, 2018 at 4:08 pm to be served on **OFFICER EVAN ESTEVES @ BOYNTON BEACH POLICE DEPARTMENT, 100 EAST BOYNTON BEACH BLVD., BOYNTON BEACH, FL 33435.**

I, Ronald Jobst, do hereby affirm that on the **13th day of April, 2018** at **2:26 pm, I:**

SERVED the within named Law Enforcement Officer by delivering a true copy of the **SUMMONS; COMPLAINT AND DEMAND FOR JURY TRIAL;** with the date and hour endorsed thereon by me to DEANNA RICHARDSON as Liaison of the BOYNTON BEACH POLICE DEPARTMENT .

**Military Status:** Based upon inquiry of party served, the subject is not in the military service of the United States of America.

**Description** of Person Served:  Age: 36,  Sex: F,  Race/Skin Color: WHITE,  Height: 5'6",  Weight: 165,  Hair: BROWN,  Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury, I declare that I have read the foregoing document, and that the facts stated in it are true.  NO NOTARY REQUIRED PURSUANT TO F.S. 92.525(2).

Ronald Jobst
CPS#1684

**MULBERRY LEGAL SERVICES, INC.**
**2101 Vista Parkway**
**Suite 103**
**West Palm Beach, FL 33411**
**(561) 624-0526**
Our Job Serial Number: MLS-2018001523

**** CASE NUMBER: 502018CA004260XXXXMB Division: AA ****                18. 1523

Filing # 70369451 E-Filed 04/06/2018 03:15:02 PM

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY
FLORIDA

CASE NO.:

HARVEY GARBER, M.D.,

     Plaintiff,

v.

CITY OF BOYNTON BEACH, JEFFREY KATZ,
as CHIEF OF POLICE OF BOYNTON BEACH
POLICE DEPARTMENT, and
OFFICER JANELLE JUMELLES, individually,
OFFICER EVAN ESTEVES, individually,
OFFICER JOHN DUNLOP, individually, and
OFFICER PETER ZAMPINI, individually,

     Defendants.

_____/

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the Complaint, in this action on
Defendant:

          **Officer Evan Esteves**
        **Boynton Beach Police Department**
         **100 East Boynton Beach Blvd.**
          **Boynton Beach, FL 33435-0310**

The Defendant is required to serve written defenses to the Complaint on

        Richard D. Schuler, Esquire
        Schuler, Halvorson, Weisser, Zoeller & Overbeck, P.A.

attorney for Plaintiff, whose address is:

        Barristers Building, Suite 4D

1

RECEIVED
APR 12 2018

1615 Forum Place
West Palm Beach, FL 33401
(561) 689-8180
E-Serve: rschuler@shw-law.com
        jdever@shw-law.com
        jspano@shw-law.com

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on the above-named attorney or immediately thereafter.  If the Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint.

DATED on ___Apr 10 2018___ day of _____.2018.

Clerk of the Court

As:    Deputy Clerk
        Samquishia Lane

2

Filing # 70928671 E-Filed 04/19/2018 09:02:35 AM

## VERIFIED RETURN OF SERVICE

| State of Florida | County of Palm Beach | Circuit Court |
|---|---|---|

Case Number: 502018CA00426 MB

Plaintiff:
**HARVEY GARBER, M.D.**

vs.

Defendant:
**CITY OF BOYNTON BEACH, JEFFREY KATZ, AS CHIEF OF POLICE OF BOYNTON BEACH POLICE DEPARTMENT, AND OFFICER JANELLE JUMELLES, INDIVIDUALLY, OFFICER EVAN ESTEVES, INDIVIDUALLY, OFFICER JOHN DUNLOP, INDIVIDUALLY, AND OFFICER PETER ZAMPINI, INDIVIDUALLY**

MLS2018001522

For:
Richard D. Schuler
SCHULER, HALVORSON & WEISSER, P.A.
1615 Forum Place
4th Floor
West Palm Beach, FL  33401

Received by MULBERRY LEGAL SERVICES, INC. on the 12th day of April, 2018 at 4:08 pm to be served on **OFFICER JOHN DUNLOP @ BOYNTON BEACH POLICE DEPARTMENT, 100 EAST BOYNTON BEACH BLVD., BOYNTON BEACH, FL 33435.**

I, Ronald Jobst, do hereby affirm that on the **13th day of April, 2018** at **2:26 pm, I:**

SERVED the within named Law Enforcement Officer by delivering a true copy of the **SUMMONS; COMPLAINT AND DEMAND FOR JURY TRIAL;** with the date and hour endorsed thereon by me to DEANNA RICHARDSON as Liaison for the BOYNTON BEACH POLICE DEPARTMENT .

**Military Status:** Based upon inquiry of party served, the subject is not in the military service of the United States of America.

**Description** of Person Served:  Age: 36,  Sex: F,  Race/Skin Color: WHITE,  Height: 5'6",  Weight: 165,  Hair: BROWN,  Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury, I declare that I have read the foregoing document, and that the facts stated in it are true.  NO NOTARY REQUIRED PURSUANT TO F.S. 92.525(2).

Ronald Jobst
CPS#1684

**MULBERRY LEGAL SERVICES, INC.**
**2101 Vista Parkway**
**Suite 103**
**West Palm Beach, FL 33411**
**(561) 624-0526**
Our Job Serial Number: MLS-2018001522

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

18. 1522

Filing # 70369451 E-Filed 04/06/2018 03:15:02 PM

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY
FLORIDA

CASE NO.:

HARVEY GARBER, M.D.,

     Plaintiff,

v.

CITY OF BOYNTON BEACH, JEFFREY KATZ,
as CHIEF OF POLICE OF BOYNTON BEACH
POLICE DEPARTMENT, and
OFFICER JANELLE JUMELLES, individually,
OFFICER EVAN ESTEVES, individually,
OFFICER JOHN DUNLOP, individually, and
OFFICER PETER ZAMPINI, individually,

     Defendants.

_____/

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the Complaint, in this action on
Defendant:

**Officer John Dunlop**
**Boynton Beach Police Department**
**100 East Boynton Beach Blvd.**
**Boynton Beach, FL 33435-0310**

The Defendant is required to serve written defenses to the Complaint on

     Richard D. Schuler, Esquire
     Schuler, Halvorson, Weisser, Zoeller & Overbeck, P.A.

attorney for Plaintiff, whose address is:

     Barristers Building, Suite 4D

1

RECEIVED
APR 1 2 2018

1615 Forum Place
West Palm Beach, FL 33401
(561) 689-8180
E-Serve:  rschuler@shw-law.com
jdever@shw-law.com
jspano@shw-law.com

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on the above-named attorney or immediately thereafter.  If the Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint.

DATED on _____ Apr 10 2018 day of _____.2018.

Clerk of the Court

As:    Deputy Clerk

Samquishia Lane

2

**** CASE NUMBER: 502018CA004260XXXXMB Division: AA ****

Filing # 70369451 E-Filed 04/06/2018 03:15:02 PM

*4-13-18*
*2:26 PM*
*#1680*

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY
FLORIDA

CASE NO.:

HARVEY GARBER, M.D.,

     Plaintiff,

v.

CITY OF BOYNTON BEACH, JEFFREY KATZ,
as CHIEF OF POLICE OF BOYNTON BEACH
POLICE DEPARTMENT, and
OFFICER JANELLE JUMELLES, individually,
OFFICER EVAN ESTEVES, individually,
OFFICER JOHN DUNLOP, individually, and
OFFICER PETER ZAMPINI, individually,

     Defendants.
_____/

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the Complaint, in this action on
Defendant:

**Officer John Dunlop**
**Boynton Beach Police Department**
**100 East Boynton Beach Blvd.**
**Boynton Beach, FL 33435-0310**

The Defendant is required to serve written defenses to the Complaint on

     Richard D. Schuler, Esquire
     Schuler, Halvorson, Weisser, Zoeller & Overbeck, P.A.

attorney for Plaintiff, whose address is:

     Barristers Building, Suite 4D

1

1615 Forum Place
West Palm Beach, FL 33401
(561) 689-8180
E-Serve:  rschuler@shw-law.com
          jdever@shw-law.com
          jspano@shw-law.com

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on the above-named attorney or immediately thereafter.  If the Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint.

DATED on ____Apr 10 2018____day of _____.2018.

Clerk of the Court

As:    Deputy Clerk

Samquishia Lane

2

Filing # 70928671 E-Filed 04/19/2018 09:02:35 AM

## VERIFIED RETURN OF SERVICE

| | | |
|---|---|---|
| **State of Florida** | **County of Palm Beach** | **Circuit Court** |

Case Number: 502018CA00426 MB

Plaintiff:
**HARVEY GARBER, M.D.**

vs.

Defendant:
**CITY OF BOYNTON BEACH, JEFFREY KATZ, AS CHIEF OF POLICE OF BOYNTON BEACH POLICE DEPARTMENT, AND OFFICER JANELLE JUMELLES, INDIVIDUALLY, OFFICER EVAN ESTEVES, INDIVIDUALLY, OFFICER JOHN DUNLOP, INDIVIDUALLY, AND OFFICER PETER ZAMPINI, INDIVIDUALLY**

MLS2018001521

For:
Richard D. Schuler
SCHULER, HALVORSON & WEISSER, P.A.
1615 Forum Place
4th Floor
West Palm Beach, FL  33401

Received by MULBERRY LEGAL SERVICES, INC. on the 12th day of April, 2018 at 4:08 pm to be served on **OFFICER PETER ZAMPINI @ BOYNTON BEACH POLICE DEPARTMENT, 100 EAST BOYNTON BEACH BLVD., BOYNTON BEACH, FL 33435.**

I, Ronald Jobst, do hereby affirm that on the **13th day of April, 2018** at **2:26 pm**, I:

SERVED the within named Law Enforcement Officer by delivering a true copy of the **SUMMONS; COMPLAINT AND DEMAND FOR JURY TRIAL;** with the date and hour endorsed thereon by me to DEANNA RICHARDSON as Liaison of the BOYNTON BEACH POLICE DEPARTMENT .

**Military Status:** Based upon inquiry of party served, the subject is not in the military service of the United States of America.

**Description** of Person Served:  Age: 36,  Sex: F,  Race/Skin Color: WHITE,  Height: 5'6",  Weight: 165,  Hair: BROWN,  Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury, I declare that I have read the foregoing document, and that the facts stated in it are true.  NO NOTARY REQUIRED PURSUANT TO F.S. 92.525(2).

_____
**Ronald Jobst**
CPS#1684

**MULBERRY LEGAL SERVICES, INC.**
**2101 Vista Parkway**
**Suite 103**
**West Palm Beach, FL 33411**
**(561) 624-0526**
Our Job Serial Number: MLS-2018001521

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

**** CASE NUMBER: 502018CA004260XXXXMB Division: AA ****

18-1591

Filing # 70369451 E-Filed 04/06/2018 03:15:02 PM

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY
FLORIDA

CASE NO.:

HARVEY GARBER, M.D.,

     Plaintiff,

v.

CITY OF BOYNTON BEACH, JEFFREY KATZ,
as CHIEF OF POLICE OF BOYNTON BEACH
POLICE DEPARTMENT, and
OFFICER JANELLE JUMELLES, individually,
OFFICER EVAN ESTEVES, individually,
OFFICER JOHN DUNLOP, individually, and
OFFICER PETER ZAMPINI, individually,

     Defendants.

_____/

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the Complaint, in this action on
Defendant:

**Officer Peter Zampini**
**Boynton Beach Police Department**
**100 East Boynton Beach Blvd.**
**Boynton Beach, FL 33435-0310**

The Defendant is required to serve written defenses to the Complaint on

     Richard D. Schuler, Esquire
     Schuler, Halvorson, Weisser, Zoeller & Overbeck, P.A.

attorney for Plaintiff, whose address is:

     Barristers Building, Suite 4D

1



FILED: PALM BEACH COUNTY, FL, SHARON R. BOCK, CLERK, 04/06/2018 03:15:02 PM

1615 Forum Place
West Palm Beach, FL 33401
(561) 689-8180
E-Serve:  rschuler@shw-law.com
              jdever@shw-law.com
              jspano@shw-law.com

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on the above-named attorney or immediately thereafter.  If the Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint.

DATED on _____Apr 10 2018_____ day of _____.2018.

Clerk of the Court

As:     Deputy Clerk

              Samquishia Lane

2